Edward J. McLaughlin, J.
This is a petition for adoption of an alien child, filed pursuant to section 112 of the Domestic Relations Law, and presents to the court the recurring problem of an attempt by a licensed agency, as guardian of an alien child, to proceed in this court as though the adoption were from an authorized agency.
The facts of this case, as determined by the court, are as follows: The child was born in Seoul, South Korea, in January, 1969. In March, 1972, she was abandoned and the Korean authorities placed her in a Korean children’s home. On June 11, 1974, in Seoul, the child was appointed a guardian and was certified a legal orphan. Guardianship of the child was released by the Korean guardian for purposes of adoption and emigration to Welcome House, Inc., Doylestown, Pennsylvania, an agency licensed but not authorized to place children in New York State. (Social Services Law, § 382.) Welcome House referred the matter for investigation to Child and Family Service of Syracuse and Onondaga County, an agency authorized to place children in this State. (Social Services Law, § 371, subd 10.) The authorized agency conducted an investigation of the petitioners. Its report was favorable and Welcome House brought the child to the United States and placed the child in the petitioners’ home in November, 1974. The authorized agency continued to monitor the child’s progress in the home of the petitioners until May, 1975 when, upon its recommendation, Welcome House, as guardian, consented to the adoption of the child by the petitioners. Thereafter, on July 17, 1975, the subject petition for adoption was received by the court. At no time prior to the receipt of this petition was any application made for an order of preadoption investigation to determine whether the adoption would be in the best *796 interest of the child. Such application is required by section 115-a of the Domestic Relations Law.
The issue before the court is whether an order of adoption may be made sooner than one year from the time the court shall have received the petition where the guardian of the child is a licensed but nonauthorized agency, and the child has been admitted to the United States for the purpose of adoption in the State of New York.
Adoption is a status created by the State. Since it is entirely statutory and in derogation of the common law, adoption statutes must be strictly construed. (Matter of Santacose, 271 App Div 11, 16; 2 NY Jur, Adoption, § 3.) An adoption will fail if any essential requirement of the státute is not complied with. (People ex rel. Fentress v Somma, 127 NYS 2d 169.)
It appears that this child entered this country pursuant to a visa issued by the Federal Government upon a form known as an "1-600”. (8 CFR 204.1 [b].) Before an "1-600” visa should be issued, the alien child must qualify as a "child”, as defined in the Immigration and Nationality Act. The definition of "child” demands, inter alia, that the adoptive parents have complied with the preadoptive requirements of the State of proposed residence of the child. (Immigration and Nationality Act, 8 US Code, § 1101, subd [b], par [1], cl [f].) The preadoptive requirements of this State for such orphans are set forth in section 115-a of the Domestic Relations Law.
That section was enacted for a dual purpose; to satisfy Federal immigration requirements as well as to prevent the tragedy of a child’s coming to New York State from a foreign country only to have the petition for adoption denied on the ground that the adoption would not be in the child’s best interest. To hold that section 115-a was enacted solely for purposes of the issuance of a visa and not to benefit and protect the foreign child and adoptive parents as well, would require this court to abdicate its supervision of adoptions to the Immigration and Naturalization Service. This the court cannot do. Adoption is exclusively a State responsibility. Immigration is exclusively a Federal responsibility. The two procedures should not be intermixed.
Further, the court finds that the fact that an authorized agency conducted the investigation for this guardian does not alter the legal status of the parties. Subdivision 3 of section 115-a specifically provides for such investigation by authorized agencies in private-placement adoptions. To hold that in the *797 event that a licensed agency, which utilizes the services of an authorized agency, for investigation purposes, obviates the requirements of section 115-a, would require this court to judicially amend the statute by changing the substance of a licensed agency into that of an authorized agency. Such is beyond the power of this court. (Adams v Nadel, 124 NYS2d 427, 430.)
Accordingly, this court holds that a licensed agency must comply with the private-placement provisions of the Domestic Relations Law rather than with those regulating adoption from an authorized agency insofar as section 115-a of the Domestic Relations Law applies.
Therefore, it is the unpleasant duty of this court to deny this petition for adoption on the grounds that it is premature. No order of adoption may be made in this matter until one year after the court shall have received the petition to adopt. (Domestic Relations Law, § 115-a, subd 6.) The court does this to protect the interests of both the child and the adoptive parents from future attack on the adoption, on the grounds that petitioners failed to satisfy the State requirements which are mandated and must be obeyed.
In denying this petition for adoption, the court is not unmindful that the Legislature has made available discretionary relief for the petitioners in that they may petition this court to shorten the waiting period. (Domestic Relations Law, § 115-a, subd 6.) Such application will receive a sympathetic hearing in this court.