OPINION OF THE COURT
Stewart H. Weinstein, J.
*770 The petitioners have filed a petition, pursuant to Domestic Relations Law § 115-d, seeking certification as qualified adoptive parents for the child M.EL., to comply with the Department of Homeland Security-United States Citizenship and Immigration Services (hereafter USCIS) home study requirements for their 1-600 petition for this child.[1] The parties were advised by the USCIS[2] that the home study they had previously supplied with their 1-600 petition was not acceptable, because it was prepared by an independent social worker. The USCIS letter further advised the petitioners that they should either present a new home study from an authorized adoption agency licensed in New York, or provide a certification order pursuant to Domestic Relations Law § 115-d from the appropriate Family Court.[3] However, in this instance, the petitioners are seeking to have a foreign-born child classified as an orphan and brought to New York for the purpose of a private placement adoption, which falls squarely under the statutory requirements of Domestic Relations Law § 115-a. Certificates issued pursuant to Domestic Relations Law § 115-d are not applicable in these circumstances.
Pursuant to Domestic Relations Law § 115-d a proposed adoptive parent, in a private placement adoption, must submit a petition with the required information and a fingerprint card for processing. A preplacement investigation must also be completed. Upon receipt of the required information, as well as any additional information the court may request, the court may grant the precertification application. At that time, the proposed adoptive parents may lawfully accept physical custody of a child.
Domestic Relations Law § 115-d was enacted to protect children who were regularly being placed into the physical custody of proposed adoptive parents, pursuant to private placement adoption agreements, immediately upon the biological parents’ execution of extrajudicial consents to adopt. These children could reside with the proposed parents for extended periods of time without any investigation or inquiry into the fitness of the proposed parents. In these instances, where there was no court intervention or assessment until an adoption petition was actu *771 ally filed, several instances of abuse came to light.[4] Once section 115-d was enacted, certification of proposed adoptive parents was required prior to any transfer of physical custody of the child. Now, in many instances, the proposed adoptive parents apply for certification prior to them having an “identified” adoptive child so that there will be no delay in transferring physical custody once a child is located.
At first glance it appears that the petitioners would be required to comport with Domestic Relations Law § 115-d prior to receiving the child M. into their home. However, the legislature has seen fit to enact separate and distinct preadoption procedures to screen proposed adoptive parents, such as the petitioners, who are seeking to have a child admitted into the United States as an eligible orphan, pursuant to the federal Immigration and Nationality Act, for the purpose of adoption in New York. These procedures are embodied in Domestic Relations Law § 115-a.
Pursuant to Domestic Relations Law § 115-a proposed adoptive parents must file a written application, which must contain specified information, and must request an order for a preadoption investigation. Applicants must provide documented evidence that the child is an alien, under 16 years old, and that he is an orphan.[5] Further, they must provide any consents and releases for emigration and adoption that would be required under their circumstances. The court may also require information not specifically delineated by statute. The proposed adoptive parents must appear before the court. Upon review, if the court finds that the adoption may be in the child’s best interest, a preplacement investigation must be ordered. Upon receipt of the investigation, if the court continues to find that the adoption may be in the best interest of the child, and that there has been compliance with all statutory requirements, the court shall issue the preadoption certificate. Once the child is present in the state the adoption petition shall proceed in the regular manner, except that the petition must recite the preadoption proceedings. Domestic Relations Law § 115-a was enacted to both satisfy the federal immigration requirements and to avoid the circumstance of having a foreign-born child brought into *772 New York for the purpose of adoption, only to have the adoption denied.[6]
Petitioners are seeking to have a foreign-born child classified as an orphan and brought to New York for the purpose of adoption which falls squarely under the statutory requirements of Domestic Relations Law § 115-a. It appears from the correspondence in the file that the USCIS advised the petitioners, and routinely advises persons in similar circumstances (i.e., those who have had an independent social worker conduct a home study for an 1-600 application), to either have an authorized agency conduct the home study, or alternatively file a precertification petition pursuant to Domestic Relations Law § 115-d in the Family Court. Although the USCIS finds a precertification certificate pursuant to Domestic Relations Law § 115-d acceptable for their purposes (in lieu of a home study conducted by an authorized agency), this court’s actions are constrained by the laws of this State. Pursuant to both state and federal requirements, proposed adoptive parents must comply with the state preadoptive requirements.[7]
Adoption is a status created by the State and is exclusively a state responsibility.[8] Since adoptions are entirely statutory, and in derogation of common law, those statutes must be strictly construed.[9] Since the legislature has seen fit to delineate a special procedure for circumstances identical to the petitioners’ by enacting section 115-a, it is those procedures which control.
It appears from the USCIS letters that the petitioners are under strict time constraints placed upon them by the USCIS and it is unfortunate that the USCIS advised the petitioners to file pursuant to Domestic Relations Law § 115-d. This court is constrained to dismiss, as this petition relies upon an inappropriate section of the New York statute.

. The 1-600 petition is a federal immigration petition filed when an applicant has identified an orphan whom they wish to bring into the United States, for the purpose of adoption, and have the child declared as an immediate relative for immigration purposes.

. The parties were so advised, by way of letter, a copy of which is in the court file.

. There are numerous petitions pending in this court which were filed under identical circumstances.

. People v Steinberg, 79 NY2d 673 (1992).

. Domestic Relations Law § 115-a (1) (c); 8 USC § 1101 (b) (1) (F).

. Alan D. Scheinkman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law § 115-a; 46 NY Jur 2d, Domestic Relations § 678.

. Immigration and Nationality Act, 8 USC § 1101 (b) (1) (F).

. Matter of Pyung B., 83 Misc 2d 794 (1975).

. Matter of Pyung B. at 796, citing Matter of Santacose, 271 App Div 11, 16 (1946).